UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MARIE BAINES, | No. CV 05-02762-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed and remanded for further proceedings.

Plaintiff raises a single but compelling issue in support of her Motion: that the ALJ failed to provide clear and convincing reasons to reject evidence as to Plaintiff's subjective pain. A brief review of the evidence is in order.

The record provides evidence of some severe, self-described limitations. For example, Plaintiff noted in her Daily Activities Questionnaire that she suffers from back pain, shortness of breath, weakness in her legs and continuous pain, in addition to neck pain. She wrote that it takes her 20 minutes to walk a half block, and that her legs are very painful after doing such a walk. (AR 67.) In that same document she wrote that she requires rest periods three times a day for at least an hour. (AR 69.) Her testimony at the hearing was consistent with her written reporting. She testified that she has good days and bad days; that on good days she can make the bed and fix breakfast and wash a few dishes, "and that's about it." (AR 29-30.) Her husband cares for her. Her maximum exertional ability is to walk around the block. She does go to church, and visits her doctors. (AR 30-31.) She experiences numbness in her legs and cramping. She does not drive a car and has never had a drivers license. She can use a microwave, but does not cook "because of the back and the legs give out on me." (AR 32.) Her husband goes to the store to shop for her. She can only stand 10 to 15 minutes without her legs and back getting numb. She is able to do a little housework, such as dusting and washing dishes, on good days, but not heavier activities like sweeping and vacuuming. (AR 32-33.) She did not get to the hearing in a wheelchair; her husband dropped her in front of the building and she walked in. (AR 33-34.) She previously did some part-time work caring

for her sister, but she ceased doing this because of pain. (AR 35-36.)[1]

Under examination by her counsel at the hearing, Plaintiff provided more detailed testimony regarding her pain issues. For example, she indicated that she recently visited the emergency room twice in one month, and was kept overnight. (AR 36.) She testified that she is taking medication constantly, and as to whether that medication provides some relief, she testified, "Yes, it eases it. It eases some of -- it eases the pain." (AR 36.) Despite that, her testimony as to unremitting joint pain was very specific (see AR at 37). In his decision (AR 11-20), the ALJ made a negative credibility assessment, finding that Plaintiff's subjective complaints and testimony "are not fully supported by the objective medical findings." (AR 13.) The ALJ cited Plaintiff's work as an in-home support services worker, which he concluded "demonstrated a capacity for functioning at a level inconsistent with her alleged symptoms and limitations." He also cited her activities of daily living, such as making the bed, preparing meals, and attending church, "that appear incompatible with the presence of pain and other symptoms of incapacitating degree." Finally, he rejected her credibility in part because, "there is no documentation of disabling side effects from medications, which the [Plaintiff] conceded help her pain, and testimony in this regard is credible." (AR 13.) For the reasons stated below, the Court finds that these articulated reasons fail to satisfy the applicable legal standards for assessing subjective pain.

---

[1] While Plaintiff asserts in her Motion that she did not file for disability until after she stopped caring for her sister (Motion at 6), her testimony indicates that she did that work until the month before the hearing before the ALJ, which occurred on May 25, 2004. Her application for SSI was filed August 29, 2003. In any event, the Court does not consider this to be a critical issue.

**A.     Applicable Law.**

Subjective pain testimony is an important factor in the disability determination process. Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); Varney v. Secretary of Health and Human Services, 846 F.2d 581, 583 (9th Cir. 1987). Subjective complaints of pain must be associated with medical impairments that "could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. § 423(d)(5)(A).

In those cases where a claimant contends that he or she experiences pain which, while associated with a medical impairment, is greater than the impairment would normally be expected to produce, this is referred to as "excess pain testimony" - defined as "pain that is unsupported by objective medical findings." Cotton, 799 F.2d at 1407. In order for the ALJ to have properly decided to disbelieve or disregard such excess pain testimony, his decision must be supported by specific findings. See, Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir. 1986); Cotton, 799 F.2d at 1407. These specific findings must constitute clear and convincing reasons for rejection of subjective symptom testimony. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)(citing Lester v. Chater, 81 F.3d. 821, 834 (9th Cir. 1995). See also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

The existence of some pain does not constitute a disability, if the claimant is not thereby prevented from working. See, Thorn v. Schweiker, 694 F.2d 170, 171 (8th Cir. 1982). In addition, weak objective support for claims of subjective pain can undermine such testimony or claims of disabling pain. See, Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998). An ALJ may properly rely on inconsistencies in a claimant's testimony. Fair v. Bowen, 885 F.2d

597, 603-04 (9th Cir. 1989). An ALJ may not discredit a claimant's testimony of subjective pain, and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence. Thus, an ALJ may not solely rely on the inconsistency between a claimant's testimony and the objective medical evidence. The ALJ may, however, rely on other inconsistencies and reasons cited in the decision. Orteza v. Shalala, 50 F.3d 748, 749-750 (9th Cir. 1995).

Finally, this Court, as a reviewing Court, is limited to examining the sufficiency of the reasons articulated by the ALJ in his decision. The Court may not affirm a credibility decision based on evidence which the ALJ failed to discuss. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

**B.   Analysis.**

As Plaintiff correctly notes, the standard by which credibility assessments must be reviewed on appeal is whether they meet the "clear and convincing" test. In her Memorandum, the Commissioner asserts that the standard has been met in this case for various reasons. First, it is argued that the ALJ found that Plaintiff's complaints and testimony were not fully supported by the objective medical evidence. (See Memorandum at 4.) Indeed, this mirrors the exact language utilized by the ALJ, which is why it fails to meet the substantial evidence test. Plainly put, the question is, "What medical evidence?" Utilization of such general expressions, as the ALJ did in this case, provides absolutely no basis for judicial review. In her Memorandum, the Commissioner cites some of the medical evidence (see Motion at 4), but the Court has no basis to determine whether the portions of the AR

cited by the Commissioner are the same portions of the record which may have been in the mind of the ALJ. In any event, even if that were the case, the ALJ found there to be a severe impairment of degenerative disc disease of the lumbo-sacral spine. Evidence of this condition is present in the record. While the Commissioner cites one portion of a complete internal medicine evaluation performed at the request of the Department of Social Services on October 28, 2003 (see Motion at 4, citing AR 126), that same report documents Plaintiff's complaints of low back pain, and Plaintiff's statement to the physician that, "The pain in the neck and back are constant, in particular in her lower back. She does take Tylenol with Codeine, Soma, and occasionally Vicodin, which gives her some temporary relief of the pain." (AR 122.) Based on this record, neither the ALJ or the Commissioner have cited with any specificity exactly in what manner the objective medical records conflict with Plaintiff's pain complaints.

With regard to activities of daily living, the ALJ's decision reflects an essential mischaracterization and selective reading of Plaintiff's testimony. It is not the case that Plaintiff testified, as the ALJ claims, that she routinely makes her bed, prepares meals, and attends church. (See AR at 13.) As already noted by the Court, she denied that she could cook meals, and testified that she does things like make the bed when she has a good day. Admitting that she has good days and bad days is a reflection of credibility, rather than lack of credibility. Moreover, citing church attendance as a reason to downgrade credibility as to pain is, to say the least, surprising in view of the Ninth Circuit's very clear pronouncements on the issue of evaluation of activities of daily living in the context of

credibility. The Court finds it necessary to remind the Commissioner and the ALJ, on remand, to be cognizant of this standard, which was articulated by the Court in <u>Vertigan v. Halter</u>, 260 F.3d 1044 (9th Cir. 2001), in the following portion of the opinion:

> "Ms. Vertigan testified that she is able to go grocery shopping with assistance, walk approximately an hour in the malls, get together with her friends, play cards, swim, watch television, and read. She also took physical therapy for six months and exercised at home. The ALJ relied on this evidence to conclude that Ms. Vertigan's daily activities involved physical functions that were inconsistent with her claims of pain. Yet, these physical activities did not consume a *substantial part* of Ms. Vertigan's day. This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled. <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989). In addition, activities such as walking in the mall and swimming are not necessarily transferable to the work setting with regard to the impact of pain. A patient may do these activities *despite* pain for therapeutic reasons, but that does not mean she could concentrate on work despite the pain or could engage in similar activity for a longer period given the pain involved. As such, we find only a scintilla of evidence in the record to support the ALJ's finding that

        she lacked credibility about her pain and physical limitations. As revealed by the medical reports, Ms. Vertigan's constant quest for medical treatment and pain relief refutes such a finding."

(260 F.3d at 1050, emphasis in original.)

      The Court further finds that the Commissioner's interpretation of Plaintiff's assessment of the effect of her medications on her pain is erroneous. Her candid admission that medication provides some help vis-a-vis pain issues is not equivalent to a statement that Plaintiff is totally or substantially pain-free. Indeed, one would hope that medication - especially when taken so continuously - would provide at least some pain relief. It would seem to reflect poorly on a person's credibility to claim that medications, taken continuously, provide no assistance. In this case, much as with her admission that she has good days and bad days - Plaintiff is being penalized for her candor.

      As a last point, the Court notes the Commissioner's argument in support of the ALJ's decision, that, "Finally, the ALJ noted Plaintiff's admissions that she could, on good days, walk around the block, visit relatives, attend church, read the Bible, watch television, make the bed, and wash dishes. (Tr. 13, 30-31)." (Commissioner's Memorandum at 5.) In order to be not disabled, a person must work on good days and bad days. Even if, hypothetically, walking around the block, visiting relatives, attending church, reading the Bible, watching television, making the bed and washing dishes occurred on good and bad days in Plaintiff's life, these are not the types of activities which are necessarily transferable to the work arena. Certainly, in the context of this case, where at most

Plaintiff can only do these things on good days, they may not be utilized as a basis to detract from her credibility.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Decision.

**IT IS SO ORDERED.**

DATED:  April 17, 2006 

                                                  /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE